UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
VICTOR MATOS,                                         :
                                    Petitioner,      :
                                                     :
                                                     :     **MEMORANDUM AND ORDER**
        -against-                                    :
                                                     :     13-CV-2326 (ENV)
                                                     :
SUPERINTENDENT, Washington, Correctional             :
Facility,                                            :
                                                     :
                                    Respondent.      x

-------------------------------------------------------------------

**VITALIANO, D.J.**

        Petitioner Victor Matos, who is currently incarcerated, on a judgment of

conviction entered in Queens County, at the Washington Correctional Facility in Comstock

New York, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Petitioner's request to proceed in forma pauperis is granted.  For the reasons set

forth below, petitioner is directed to submit an affirmation, within 30 days of the docketing

of this Order, showing cause why the petition should not be dismissed as time-barred.


                                    Background

        On April 15, 2013, the Court received an undated petition consisting of an

older version of a form "Petition Under 28 USC § 2254," incompletely filled in, challenging

a Queens County conviction for criminal sale of a controlled substance.  On April 16, 2013,

the Court received a typed supplemental petition that did not identify the conviction it

challenged.  Both petitions reference a writ of error coram nobis filed in the Appellate

1

Division, Second Department. No dates are provided for the conviction or any other court proceedings.

The Court takes judicial notice of petitioner's incarceration in the custody of the New York State Department of Corrections and Community Supervision, under Department Identification Number ("DIN") 09-A-3689, on a Queens County conviction that included criminal possession of a controlled substance in the second degree.[1]


### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for § 2254 petitions filed after its effective date. AEDPA provides that the limitation period shall run from the latest of

    A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[1] This information can be found in the inmate look-up service provided by the New York State Department of Corrections at http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/ WINQ120.

made retroactively applicable to cases on collateral

review; or

D.  the date on which the factual predicate of the claim or

claims presented could have been discovered through

the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If a "properly filed" application for State post-conviction or other

collateral review with respect to the judgment of conviction was "pending" at any time

during that one-year period, the time during which this application was pending does not

count toward the one-year period.  28 U.S.C. § 2244(d)(2).

Though unusual, the AEDPA's statute of limitations may be equitably tolled.

Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000).

"Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'"

Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002)

(quoting Smith, 208 F.3d at 17).  A petitioner "must demonstrate that he acted with

'reasonable diligence' during the period he wishes to have tolled, but that despite his

efforts, extraordinary circumstances 'beyond his control' prevented successful filing during

that time."  Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003),

Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the

AEDPA statute of limitation on its own motion."  Acosta v. Artuz, 221 F.3d 117, 121 (2d

Cir. 2000).  See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are

permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's

habeas petition").  Nonetheless, "unless it is unmistakably clear from the facts alleged in

3

the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

In this case, Matos has not provided sufficient information to determine whether his application for habeas corpus relief would be timely. The Court concludes that petitioner desires to challenge the 2009 Queens County conviction upon which he currently appears to be in state custody.[2] Accordingly, petitioner is directed to show cause by affirmation, within 30 days from the docketing of this Order, why the AEDPA statute of limitations should not bar the instant petition.[3] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. Should petitioner file an affirmation, he must include the dates of his conviction and the dates on which each and every appeal or request for collateral relief was filed and how each was decided or terminated, along with any facts and documentary evidence that would support tolling of the statute of limitations.

No response shall be required from respondent at this time, and all further proceedings shall be stayed until Matos has complied with this Order or his time to do so has expired. If petitioner fails to comply with this Order within the time allowed, the

---

[2] [1]A § 2254 petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). When a petitioner's sentence for a conviction has fully expired (including post-release supervision), the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001).
[3] An affirmation form is attached to this Order for petitioner's convenience.

instant petition may be dismissed without further warning as time-barred.


**SO ORDERED.**


Dated: Brooklyn, New York
      May 31, 2013

                                        s/ ENV

                                        _____
                                        **ERIC N. VITALIANO**
                                        **United States District Judge**

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VICTOR MATOS,                                                :

                              Petitioner,                    :

              -against-                                       :          **MEMORANDUM AND
                                                             :               ORDER**

SUPERINTENDENT, Washington, Correctional      :          13-CV-2326 (ENV)
Facility,                                                    :

                              Respondent.                    :
------------------------------------------------------------  :
                                                             x

STATE OF _____     }

                            } ss:

COUNTY OF _____        }

              I, VICTOR MATOS, make the following affirmation under the penalties of

perjury:

1.       I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's order dated _____, 2013.  The instant petition should not be time-barred by

the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

6

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

2.      In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP

7