UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
★ DEC 17 2013 ★
BROOKLYN OFFICE

-------------------------------------------------------------x
VICTOR MATOS,

                  Petitioner,

    -against-

SUPERINTENDENT,
Washington Correctional Facility,

                  Respondent.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-2396 (ENV)

VITALIANO, D.J.

On April 15, 2013, the Court received a 28 U.S.C. § 2254 pro se petition for a writ of habeas corpus from petitioner Victor Matos, who is currently incarcerated, on a judgment of conviction entered by Queens County Supreme Court, at the Washington Correctional Facility in Comstock New York. In an Order entered on June 4, 2013, the Court directed Matos to show cause within 30 days why his petition should not be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides a one-year limitations period for the filing of an application for a writ of habeas corpus. The Court received petitioner's Affirmation on June 19, 2013, but it fails to demonstrate that the instant petition is timely, or that petitioner is entitled to equitable tolling of the statute of limitations. In light of petitioner's pro se status, the Court grants him an additional 30-day period to provide the requested information.

## Background

Petitioner made two initial submissions, an undated, incomplete form petition, received by the Court on April 15, 2013, and a typed supplemental memorandum of law received the next day. Neither document fully identified the conviction petitioner sought to challenge. The Court concluded that petitioner intended to challenge the 2009 Queens County conviction for criminal sale of a controlled substance on which he currently appears to be in custody. However, petitioner failed to provide any dates or other information that would allow the Court to determine the timeliness of the petition. For this reason, the Court directed Matos to show cause why the AEDPA statute of limitations should not bar the instant petition, but, solicitously, provided an affirmation form for him to fill out and submit, designed to elicit the information necessary to evaluate his petition.

Matos did fill out and submit the required affirmation form, which was received by the Court on June 19, 2013 ("June 19 Affirmation"). However, rather than provide the requested information about the conviction on which he is in custody, petitioner asserts that he is now challenging a prior conviction in Kings County under Indictment Number 8008/04. He states that the prior conviction is constitutionally invalid because his counsel failed to file a notice of appeal. He alleges that he continues to suffer from the collateral consequences of that conviction, including enhancement of the sentence he is currently serving. (June 19 Affirmation, at 1-2.) The Court takes judicial notice of petitioner's application for a writ of error coram nobis seeking leave to file a late notice of appeal in two 2005

Kings County convictions. People v. Matos, 97 A.D.3d 766, 947 N.Y.S.2d 901 (2d Dep't July 18, 2012) (denying leave to file late notice of appeal), leave to appeal denied, People v. Matos, 20 N.Y.3d 1101, 988 N.E.2d 535, 965 N.Y.S.2d 797 (March 28, 2013).

## Discussion

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401–02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). Maleng, 490 U.S. at 492. Based on what Matos has pleaded, it appears he is no longer in custody on his 2005 Kings County conviction, as that sentence has already fully expired. As a result, this Court lacks jurisdiction over any direct challenge to the expired 2005 Kings County conviction. See Lackawanna, 532 U.S. at 402. To the extent that Matos seeks to limit the instant petition to one directly challenging only the expired conviction, such a challenge must be dismissed.

3

Nevertheless, petitioner may be able to challenge his current sentence on the ground that it was enhanced by an allegedly invalid prior conviction. In <u>Williams v. Edwards</u>, the Second Circuit held that the "in custody" requirement is satisfied "when a <u>pro se</u> petition, liberally construed, can be read as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction." 195 F.3d 95, 96 (2d Cir. 1999) (per curiam) (internal citations omitted). The Court may consider such an indirect petition only in very limited circumstances, such as where there was a failure to appoint counsel; a state court failed to rule on a properly presented constitutional claim; or the petitioner presents compelling evidence of actual innocence. <u>Lackawanna</u>, 532 U.S. at 405–06.

Accordingly, since it appears hinged to a prior conviction and fully served period of custody, petitioner's only avenue for relief is for this Court to construe his petition as one challenging the unexpired 2009 conviction by way of an indirect challenge to the expired 2005 conviction. However, since Matos still has not demonstrated that such a petition falls within the AEDPA statute of limitations, he is again directed to show cause by affirmation,[1] within 30 days of the entry of this Order, why AEDPA's statute of limitations should not bar the instant petition challenging the conviction on which he meets the "in custody" requirement. See <u>Day v. McDonough</u>, 547 U.S. 198, 209–10 (2006); <u>Acosta v. Artuz</u>, 221 F.3d 117, 125 (2d Cir. 2000). That is, regardless the basis of his challenge, he must show that his petition is timely under AEDPA with respect to his 2009 Queens County sentence.

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

Petitioner's new affirmation, therefore, must include the dates of his 2009 Queens County conviction and any appeals or requests for collateral relief, the dates of decision on such applications, along with any facts and documentary evidence that would support tolling AEDPA's limitations period. If Matos can show that his petition is timely, he may then seek to argue that he is entitled to challenge his current sentence by indirectly challenging his prior 2005 conviction.

## Conclusion

No response shall be required from respondent at this time and all further proceedings shall be stayed until petitioner has complied with this Order or the time allotted to do so has expired. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2013

S/ENV

ERIC N. VITALIANO
United States District Judge

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VICTOR MATOS,

         Petitioner,

   -against-

SUPERINTENDENT,
Washington Correctional Facility,

         Respondent.
-------------------------------------------------------------------x

**PETITIONER'S SECOND AFFIRMATION**

13-CV-2326 (ENV)

STATE OF _____ }
          } ss:
COUNTY OF _____ }

I, VICTOR MATOS, make the following affirmation under the penalties of perjury:

1. I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated December 11, 2013. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

2.  In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____
City, State & Zip