| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| VICTOR MATOS,<br><br>         Petitioner,<br><br>– against –<br><br>SUPERINTENDENT, Washington Correctional Facility,<br><br>         Respondent. | **MEMORANDUM & ORDER**<br><br>13-CV-2326 (ERK) (CLP) |

KORMAN, *J.*:

  Petitioner Victor Matos pleaded guilty on July 28, 2005 to attempted criminal sale of a controlled substance in the fifth degree and attempted criminal possession of a controlled substance in the fifth degree. Pet. for Writ of Habeas Corpus, ECF No. 1 (Page ID #9); Mandel Aff. 2-3, ECF No. 10 (Page ID #68). The plea was entered "pursuant to a plea agreement, in which, by virtue of his entered plea, [the petitioner] would receive an indeterminate term of imprisonment." Pet. for Writ of Habeas Corpus (Page ID #9). As part of his plea agreement, the petitioner waived his right to appeal "so long as the Judge imposed the previously promised sentence." Pet. for Writ of Habeas Corpus, ECF No. 1 (Page ID #9). Petitioner, consistent with the plea agreement, was sentenced on August 9, 2005 to imprisonment for one and one-half to three years on the first count, eighteen months on the second count to be served concurrently with the first, and one and one-half years of post-release supervision. Mandel Aff. 3 (Page ID #69). Notwithstanding the waiver, Matos asserts that immediately after being sentenced he requested that his trial counsel file a notice of appeal and that his counsel agreed to do so. Pet. for Writ of Habeas Corpus (Page ID #9-10). No notice was ever filed. *Id.* (Page ID #10);

1

Mandel Aff. 3 (Page ID #69). Neither in his filings here nor in his application for a writ of coram nobis in state court has the petitioner indicated a colorable basis for his desired appeal.

Petitioner was subsequently released, rearrested, and resentenced on two occasions. Mandel Aff. 4-5 (Page ID #70-71). He pleaded guilty both times. *Id.* For the latter arrest, petitioner was sentenced on September 22, 2010 to an enhanced term as a predicate felon. *Id.* at 5 (Page ID #71); Pet. for Writ of Habeas Corpus (Page ID #10). According to the Department of Corrections, Matos is considered to be in custody for all of his felony convictions dating back to 2000 because each subsequent arrest occurred while he was on parole or post-release supervision for the previous crime. Mandel Aff. 5 (Page ID #71).

On November 2, 2011, Matos filed an application for a writ of coram nobis alleging ineffective assistance of counsel resulting from the failure to file the requested appeal in 2005. Pet'r's Affirmation, June 24, 2013, ECF No. 5 (Page ID #36-45). The application was denied on July 18, 2012. *People v. Matos*, 97 A.D.3d 766 (N.Y. App. Div. 2d Dep't 2012). On March 15, 2013, the Court of Appeals denied his application for leave to appeal. *People v. Matos*, 20 N.Y.3d 1101 (N.Y. 2013).

Matos filed the instant petition on April 15, 2013. Pet. for Writ of Habeas Corpus (Page ID #1). The sole ground alleged for this petition is the failure of Matos's attorney to file an appeal as directed after the 2005 guilty plea. *Id.* (Page ID #11); Pet'r's Affirmation (Page ID #28). He asserts that this failure violated his right to effective assistance of counsel as described in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006). Pet. for Writ of Habeas Corpus (Page ID #11-12). Petitioner claims that his counsel's alleged deficiency led to an "unlawful enhanced sentencing" for his 2010 conviction. Pet'r's 2d Affirmation (Page ID #61).

**DISCUSSION**

The petition here is untimely. A prisoner has one year from the date his conviction becomes final to file a petition for a writ of habeas corpus. 28 U.S.C.A. § 2244(d)(1). Where direct appeal is not taken, a New York State conviction becomes final 30 days after the prisoner was sentenced. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). Filing a collateral proceeding will toll the running of the statutory clock, but it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Jarman v. New York*, 234 F. Supp. 2d 213, 216 (E.D.N.Y. 2002). Thus, filing a collateral proceeding "cannot revive a time period that has already expired." *Evans v. Senkowski*, 105 F. Supp. 2d 97, 99 (E.D.N.Y. 2000).

Matos's conviction became final on September 9, 2005, 30 days after his conviction. Thus, absent any tolling, the statute of limitations for filing a habeas petition expired on September 9, 2006. Here, because no appeal or collateral attack was filed in that time period, the statute of limitations had run well before Matos filed his habeas petition on April 15, 2013. The petition for a writ of coram nobis filed on November 2, 2011 does not help petitioner here because the statute of limitations had already run by a significant margin and does not reset simply because petitioner filed a collateral attack on his conviction in state court. *Smith*, 208 F.3d at 17.

Nevertheless, there are several exceptions to AEDPA's one-year statute of limitations. Specifically, a petitioner may invoke the doctrine of equitable tolling. *Id.* A petitioner seeking equitable tolling bears the "burden of proving that equitable tolling is appropriate." *Mateos v. West*, 357 F. Supp. 2d 572, 576 (E.D.N.Y. 2005) (citing *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)). He "must show that extraordinary circumstances prevented him from filing his petition on time" and that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The Second Circuit has held that extraordinary circumstances

3

exist where a client told his trial attorney to pursue an appeal, but the attorney did not do so. *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000). Thus, if Matos is to be believed, he is able to meet the first prong of the test for triggering equitable tolling.

Matos cannot meet the second prong, however, because he was not reasonably diligent in pursuing his rights. Even where an attorney fails to file a post-conviction motion as directed, the court will not equitably toll the statute of limitations where the petitioner did not make reasonably diligent attempts to pursue the matter. *Doe v. Menefee*, 391 F.3d 147, 174-78 (2d Cir. 2004). Reasonable diligence does not require a petitioner to have immediately followed up on an appeal's status and the Second Circuit has held that a five-month delay beyond the date a conviction became final was not "clearly unreasonable." *Wims*, 225 F.3d at 190-91. But district courts in this circuit have found longer delays to be unreasonable and unworthy of equitable tolling. *Gonzalez-Ramos v. United States*, No. 05 CIV. 3974, 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007) (24 months); *Gonzalez v. United States*, No. 02 CIV. 2733 (SAS), 2002 WL 31512728, at *4 (S.D.N.Y. Nov. 8, 2002) (46 months); *Tineo v. United States*, No. 01 CIV. 4511 (HB), 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002) (36 months); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999) (17 months). Here, Matos took no apparent action to ascertain the status of his appeal or correct the failure to file such an appeal until he filed his coram nobis petition on November 2, 2011—a full 61 months after his conviction became final. Indeed, 79 months passed before the petitioner filed his habeas petition. Either date far exceeds the bounds of reasonable diligence required to trigger equitable tolling.

For the reasons just articulated, petitioner's claim would also fail should he seek to adjust the statute of limitations according to the factual predicate analysis in 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). That

provision, like equitable tolling, requires the petitioner to have exercised "due diligence"—something the petitioner notably failed to do here.

To the extent that Matos seeks in this petition to contest his 2010 sentence as improperly based on an invalid prior conviction, his challenge is not cognizable on habeas review. The Supreme Court has held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal citation omitted). Thus, because Matos failed to timely challenge his 2005 conviction, he cannot now challenge its use to enhance his 2010 sentence in a habeas petition attacking that later sentence. *Id.*; *see also Corso v. Walker*, 253 F. Supp. 2d 454, 457 (E.D.N.Y. 2003).

I have assumed to this point that petitioner's claim that his attorney did not file the appeal he requested would provide a basis for habeas corpus relief. The background of petitioner's claim is set out in his unsworn petition as follows:

> That the petitioner subsequently entered a guilty plea and was sentenced, pursuant to the plea agreement, in which, by virtue of the entered plea, he would receive an indeterminate term of imprisonment. That upon recollection, said plea agreement also included a plea waiver provision, in which petitioner would waive his appellate rights, so long as the Judge imposed the previously promised term.
>
> That the petitioner was subsequently sentenced to that negotiated term of imprisonment, however, despite the imposed term, the petitioner elected to appeal said conviction, including the plea waiver provision and thus, explicitly instructed his then attorney to file the requisite notice of appeal.

5

Pet. Writ of Habeas Corpus (Page ID #9).  In his coram nobis application to the state court, the petitioner added further detail, writing: "the appellant informed his then attorney to file a notice of appeal.  Counsel informed appellant that '[h]e believed an appeal would not be meritorious, and that the prior plea waiver barred such proposed appeal.'  Nevertheless, the appellant explicitly instructed his attorney to so file the requisite notice."  Aff. in Supp. of Writ of Error Coram Nobis, ECF No. 5 (Page ID #40-41) (alteration in original).  Significantly, this version of events is not supported by the recollection of petitioner's trial counsel.  While counsel has no independent recollection of the events, after reviewing his records, counsel was able to describe the negotiated plea bargain.  Zeitlin Aff., ECF No. 12 (Page ID #179-80).  Counsel added that he did not recall petitioner asking him to file a notice of appeal and that it was not his practice to file an appeal "where [his] client pleads guilty to reduced charges and waives his right to appeal." *Id.*  This affidavit, when weighed against the paucity of evidence supporting petitioner's version of events, casts serious doubt on the weight petitioner's factual assertions should be given.  *See Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005); *Roberts v. United States*, No. 11-CV-4404 (SJF), 2014 WL 4199691, at *5 (E.D.N.Y. Aug. 22, 2014).

Even under the facts as petitioner describes them, an appeal would have served no purpose because it would not have been entertained by the Appellate Division.  As the Court of Appeals has held, "where no larger societal interests or public policy concerns are implicated, an unrestricted waiver of the right to appeal, knowingly, voluntarily and intelligently made, will bar consideration of a future appellate claim despite the fact that, at the time the appeal waiver was exacted, the defendant had not expressly waived every potential claim or available defense." *People v. Muniz*, 91 N.Y.2d 570, 574 (N.Y. 1998).

The Supreme Court has never held in these circumstances that an attorney is obligated to file a notice of appeal.  Indeed, it is hard to conceive of a reasonable basis to hold that the failure

6

of an attorney to do so constitutes representation that falls "below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judge Easterbrook's opinion in *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008), contains a thoughtful and persuasive discussion of this issue with which I agree and to which I refer the reader.

While the Second Circuit has held that a defendant in a federal criminal case who pled guilty pursuant to a plea agreement could collaterally attack a judgment of conviction on the ground that his attorney failed to honor his request to file a notice of appeal, *Campusano v. United States*, 442 F.3d 770, 771-72 (2d Cir. 2006), that holding does not apply to petitions pursuant to 28 U.S.C. § 2254. A petitioner may obtain relief pursuant to § 2254 only if he can show that the state court's rejection of his claim constituted an unreasonable application of Supreme Court precedent. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

The only Supreme Court decision that has addressed the issue of an attorney's obligation to file a notice of appeal at his client's request did not involve a case in which a guilty plea was entered to pursuant to a plea agreement that waived a defendant's right to appeal. *See Flores-Ortega*, 528 U.S. 470. As the Third Circuit aptly observed, "[s]urely, the right to appeal that has been waived stands on a different footing from a preserved right to appeal, both conceptually and in relation to counsel's duty to his client with respect thereto." *United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008); *see also Nunez*, 546 F.3d 450. Under these circumstances, the rejection

7

of Matos's coram nobis petition, which was based on the failure of counsel to file a notice of appeal, could hardly be said to be so lacking in justification as to be beyond the possibility of fairminded disagreement.

## CONCLUSION

The petition is denied. I also decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
November 3, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge